UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANNY COLON,

                      Plaintiff,

v.                                         No. 03-CV-1535
                                                  (LEK/DRH)

SUPERINTENDENT GREEN, Great Meadow
Correctional Facility; K. HOLDEN, Corrections
Officer at Great Meadow Correctional Facility;
P. MILLINGTON, Corrections Officer at Great
Meadow Correctional Facility; J. McCARTHY,
Corrections Officer at Great Meadow
Correctional Facility; K. SMITH, at Great
Meadow Correctional Facility; A. KIRKLEY,
Corrections Officer at Great Meadow Correctional
Facility; M. BEZIO, Corrections Officer at Great
Meadow Correctional Facility; S. REAMS,
Corrections Officer at Great Meadow Correctional
Facility; T. NASMITH, Registered Nurse at Great
Meadow Correctional Facility; R. DOLING; JOHN
DOE, Medical Administrator at Great Meadow
Correctional Facility; and DEPUTY SUPT.
VANGUILDER,[1]

                      Defendants.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                     **OF COUNSEL:**

DANNY COLON
Plaintiff Pro Se
No. 96-A-2756
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871-2000

---

[1] As spelled in the caption of the amended complaint. Am. Compl. (Docket No. 5). It appears that the correct spelling is "Van Guilder." See Defs. Mem. of Law (Docket No. 15) at 7. The correct spelling will be utilized herein.

HON. ELIOT SPITZER  
New York State Attorney General  
Attorney for Defendants  
Office of the Attorney General  
The Capitol  
Albany, New York 12224-0341

DEBORAH A. FERRO, ESQ.  
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Danny Colon ("Colon"), an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, twelve DOCS employees, violated his rights under the First, Eighth, and Fourteenth Amendments. Am. Compl. (Docket No. 5). Presently pending is defendant Van Guilder's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 15. Colon opposes the motion. Docket No. 23. For the following reasons, it is recommended that Van Guilder's motion be granted.

### I. Background

The facts as alleged in the amended complaint are assumed to be true for the purposes of this motion. See Section II (A) infra.

On October 8 and 15, 2002, while in keeplock status[3] at Great Meadow Correctional Facility, Colon was mistakenly permitted to eat meals with general population

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] "[K]eeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities." Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2005).

2

inmates which placed him at risk of assault. Am. Compl. at ¶¶ 14-15, 23, 39-40. On October 15, 2002, defendant Holden threatened Colon that if he did not withdraw a civil rights complaint against Holden's colleagues, Colon would be injured or a weapon would be planted in his cell. Id. at ¶ 19.  When Colon did not terminate the lawsuit, Holden paid another inmate to assault Colon.  Id. at ¶ 20.  As a result of the assault, Colon suffered cuts, lacerations, and was sent to the emergency room where defendant Nasmith sutured a cut in Colon's lip without wearing gloves and failed to treat his other injuries. Id. at ¶ 22.

On October 15, 2003, when Colon was escorted back to his cell from the facility hospital, defendant Millington threatened Colon.  Am. Compl. at ¶ 24.  Millington and Holden planted three razor blades in Colon's cell which resulted in misbehavior reports. Id. at ¶¶ 25-28.  During the ensuing disciplinary hearing, defendant Bezio kicked Colon in the head and defendant Doling, the hearing officer, did not allow Colon to present a defense and removed him before completion of the hearing. Id. at ¶¶ 29-30, 32.  Colon was taken to the facility hospital where an x-ray was taken of his hand, but Nasmith did not treat an injury to his back or right leg. Id. at ¶ 33. Colon was found guilty and sentenced to a total of 180 days confinement. Id. at ¶ 34.  At a second disciplinary hearing on October 29, 2003, defendant Smith was appointed to assist Colon but refused to allow Colon the opportunity to present a defense. Id. at ¶ 34-35.  Several complaints and grievances made by Colon regarding these events were ignored. Id. at ¶¶ 27, 31, 36.  This action followed.

## II. Discussion

### A. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers.[4] See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Ward v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. " Id. "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." Id. (quoting Eastman v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

---

[4] Although entitled to such solicitude, Colon has some litigation experience, having filed at least three other federal actions since 2001. See U.S. Party/Case Index (visited July 12, 2005) <http://pacer.uspci.uscourts.gov/cgi-bin/ dquery.pl>

4

### B. Conclusory Allegations

Van Guilder contends that Colon's allegations that he showed deliberate indifference are entirely conclusory and fail to state a claim. In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege that the deprivation was "objectively, sufficiently serious." Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Second, a defendant must have a sufficiently culpable state of mind of deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834; Gaston, 294 F.3d at 164.

Here, while Colon alleges that Van Guilder was aware that corrections staff was assaulting him, he fails to allege specific facts to support how Van Guilder had such knowledge. In fact, Colon merely states that Van Guilder showed deliberate indifference. A complaint that lacks specific factual allegations concerning a defendant's personal involvement should be dismissed. Liffiton v. Keuker, 850 F.2d 73, 76 (2d Cir. 1988). These conclusory allegations alone are insufficient to overcome a motion to dismiss in a civil rights action. Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987).

Therefore, it is recommended that Van Guilder's motion on this ground be granted.

### C. Personal Involvement

VanGuilder also contends that Colon fails to allege his personal involvement. To establish liability under § 1983, a plaintiff must demonstrate that the alleged deprivation of federal rights was committed by a person acting under "color of state law." 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48-49 (1988). A prerequisite to establishing this liability

is the personal involvement of the defendants in the alleged deprivation. Generally, liability cannot be imposed on a state official for damages under § 1983 solely by the fact that he is a supervisor because respondeat superior liability does not exist under § 1983. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). However, a defendant supervisor is personally involved if he or she has (1) directly participated in the infraction, (2) failed to remedy the wrong after learning of the violation, (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue, or (4) was grossly negligent in managing subordinates who caused the unlawful condition or event. Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, the only allegation made by Colon as to Van Guilder's involvement is that Van Guilder exercised deliberate indifference by the actions of his corrections staff in violating DOCS directives, policies, and procedures, refusing to respond to his grievances and complaints, and that he was aware that corrections staff was assaulting him. Am. Compl. at ¶ 45. This is insufficient to allege personal involvement because it is based solely on Van Guilder's supervisory position. In addition, Colon's allegations that Van Guilder showed deliberate indifference by refusing to respond to his grievances and complaints are insufficient to allege personal involvement. Pl. Response in Opp'n (Docket No. 23) at 4 (unnumbered). "The general rule is that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violation." Joyner v. Greiner, 195 F. Supp. 2d 500, 506-07 (S.D.N.Y. 2002).

Therefore, it is recommended in the alternative that VanGuilder's motion on this ground be granted.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendant Van Guilder's motion to dismiss (Docket No. 15) be **GRANTED**; and that the amended complaint be **DISMISSED** as to defendant Van Guilder.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: September 15, 2005
Albany, New York

*David R. Homer*
United States Magistrate Judge