UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANNY COLON,

                        Plaintiff,

  -against-                                      9:03-CV-1535
                                                            (LEK/DRH)

SUPERINTENDENT GREEN, Great Meadow
Correctional Facility; K. HOLDEN, Corrections
Officer at Great Meadow Correctional Facility;
P. MILLINGTON, Corrections Officer at Great
Meadow Correctional Facility; J. McCARTHY,
Corrections Officer at Great Meadow
Correctional Facility; K. SMITH, at Great
Meadow Correctional Facility; A. KIRKLEY,
Corrections Officer at Great Meadow
Correctional Facility; M. BEZIO, Corrections
Officer at Great Meadow Correctional Facility;
S. REAMS, Corrections Officer at Great
Meadow Correctional Facility; T. NASMITH,
Registered Nurse at Great Meadow Correctional
Facility; R. DOLING; JOHN DOE, Medical
Administrator at Great Meadow Correctional
Facility; and DEPUTY SUPT. VANGUILDER[1],

                        Defendants.

**DECISION AND ORDER**

      This matter comes before the Court following a Report-Recommendation filed on September 15, 2005, by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.

      Within ten days, excluding weekends and holidays, after a party has been served with a copy

---

[1] As noted by Magistrate Judge Homer in the Report-Recommendation (Dkt. No. 45), this spelling of Defendant Van Guilder's name mirrors the caption of the amended complaint. The correct spelling is "Van Guilder", Defendant's Mem. of Law (Dkt. No. 15) at 7, and it is so spelled in this Decision and Order.

1

of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b), in compliance with L.R. 72.1.  In the interval of at least ten days since the Magistrate Judge filed the subject Report-Recommendation, no objections to it have been raised.  Furthermore, after examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.[2]

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendant Van Guilder's Motion to Dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

IT IS SO ORDERED.

DATED:   September 30, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] The Court does note one item, though.  On page 5 of the Report-Recommendation, Magistrate Judge Homer discusses the two-prong test for stating a claim of a violation of the Eighth Amendment. Report-Recommendation (Dkt. No. 45) at 5.  In doing so, the Report-Recommendation states that under the second prong, "a defendant must have a sufficiently culpable state of mind of deliberate indifference to inmate health or safety."  Id. (citing Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001); Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  In prison-condition cases, a deliberate indifference to inmate health or safety is the culpable state of mind test.  See Farmer, 511 U.S. at 834.  However, deliberate indifference to inmate security is not necessarily the only type of culpable state of mind in all Eighth Amendment cases. See Gaston, 249 F.3d at 164 (". . . *such as* deliberate indifference to inmate health or safety") (emphasis added).  In the case at Bar this distinction does not impact on the Court's determination, but it is a distinction that the Court feels should be noted.