UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
DANNY COLON,

                                    Plaintiff,

    v.                                                    9:03-CV-1535
                                                               (LEK/DRH)

SUPERINTENDENT GREEN, Great Meadow
Correctional Facility; *et al.*,

                                    Defendants.
--------------------------------------------------------------------------

APPEARANCES:                              OF COUNSEL:

DANNY COLON
Plaintiff, *pro se*
96-A-2756

HON. ANDREW M. CUOMO              MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, DISTRICT JUDGE

## ORDER

     Presently before the Court for is a Motion for a temporary restraining order filed by Danny Colon ("plaintiff" or "Colon").[1]  Dkt. No. 72.  Plaintiff's Motion seeks an order from this Court requiring Superintendent Green to transfer plaintiff from Great Meadow Correctional Facility to Sing Sing Correctional Facility.  Id.  Plaintiff alleges that since being transferred to Great Meadow he has been assaulted and has been denied medical care.  The officers that committed the alleged assault are not parties to this

---

[1] Plaintiff has also filed a motion to compel discovery that will be addressed in a separate order.

action. Dkt. No. 75.  Plaintiff alleges that Defendant Millington was present at one of the assaults.  Id.  Plaintiff further alleges that Defendant Nasmith has denied plaintiff medical care since April 26, 2007.  Id.  Plaintiff alleges that he has been denied his injury reports and his x-ray reports[2] by Defendant Nasmith.  Id.  Plaintiff alleges that all of these actions have been taken in retaliation for this pending action.  Id.

Defendants filed their opposition to this motion on April 24, 2007.  Dkt. No. 74. Defendants allege that they have been "prevented from responding to plaintiff's claims that he was assaulted on March 7, 2007 because plaintiff has not named the correctional officers allegedly involved in this incident."[3]  Defendants also argue that plaintiff has no right to be place in a particular facility or to be free from transfers, citing Walker v. McGinnis, No. 05-CV-418F2007, U.S. Dist. LEXIS 20948 (W.D.N.Y. Mar. 23, 2007) and Cole v. Goord, Nos. 04 Civ. 8906 (GEL) (HBP), 05 Civ. 2902 (GEL) (HBP), 2006 U.S.  Dist. LEXIS 85204 (S.D.N.Y. Nov. 16, 2006).

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  As the Second Circuit noted in Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the

---

[2] Despite his allegations that he has been denied medical are since April 26, 2007, plaintiff alleges there were 15 or more x-rays taken of him on April 28, 2007. Dkt. No. 75 at 3.

[3] Plaintiff named the officers for the first time in his reply filed May 4, 2007. Defendants have made no request to supplement their response to this motion after such identification was made.  It also appears that plaintiff first alleged that he was being denied access to his medical records in his reply.

party seeking injunctive relief.  Id. at 77 (affirming district court's denial of inmate's request for preliminary injunction); see also Roucchio v. LeFevre, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.).

The showing of irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." Brown v. Middaugh, No. 96-CV-1097, 1998 WL 566791, at *1 (N.D.N.Y. Sept. 3, 1998) (Munson, Senior D.J.) (citations omitted).  "The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." Id.  "Nor will a preliminary injunction be granted if the movant can be compensated adequately by money damages." Id.  As to this first factor, plaintiff has not alleged any conduct that cannot be compensated for with monetary damages, if proven against the individuals at Great Meadow Correctional Facility in a separate action.[4]

Further, at least some of plaintiff's allegations involve threats.  However, the Court notes that allegations of future injury without more do not establish a real threat of injury. Garcia v. Arevalo, No. 93 CIV. 8147 (AGS), 1994 WL 383238 (S.D.N.Y. June 27, 1994).  In addition, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  See Covino, 967 F.2d at 77.  Plaintiff attempts to allege a connection between this action and the events complained of in this Motion by virtue of his allegation that the actions complained of in

---

[4]The four alleged assailants are not parties to this action.

the Motion are in retaliation for his pursuit of this legal action. According to the Defendants, plaintiff was moved to Great Meadow, from Wende Correctional Facility, for his deposition. Dkt. No. 74. Further, there has been no showing that there is any improper motive for plaintiff's original movement to Great Meadow, or the fact that he has not been transferred elsewhere since the deposition was completed. Moreover, as defendants argue, plaintiff has no right to be placed in a particular facility, or to be free from transfers. See Walker, U.S. Dist. LEXIS 20948, at *6.

Accordingly, Plaintiff's Motion for a temporary restraining order is denied

WHEREFORE, it is hereby

**ORDERED**, that plaintiff's Motion for a temporary restraining order (Dkt. No. 72) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 25, 2007
Albany, New York

Lawrence E. Kahn
U.S. District Judge